# Commonwealth *v.* Shenango Furnace Company, Appellant.

*Taxation—Corporations—Capital stock—Shares of stock—Corporation owning stock of another corporation—Double taxation—Liability for tax—Acts of Jan. 3, 1868, P. L. 1318; June 1, 1889, P. L. 420; June 8, 1891, P. L. 229, and June 17, 1913, P. L. 507.*

1. Under the Acts of Jan. 3, 1868, P. L. 1318; June 1, 1889,
P. L. 420; June 8, 1891, P. L. 229, and June 17, 1913, P. L. 507, a
Pennsylvania corporation which owns all of the $750,000 of the
stock of another Pennsylvania corporation, is taxable to the extent

of $725,000 of such stock, when it appears that that amount of the stock of the subordinate company was not taxed because represented by property permanently located outside of the State, where $25,000 of such stock was taxable.

2. Capital stock of a Pennsylvania corporation, which is represented by shares of stock in other Pennsylvania corporations not doing business in Pennsylvania, and whose capital stock is not liable to taxation here because it was represented by property permanently located outside of the State, is taxable here, and such tax is not double taxation.

Argued May 25, 1920.    Appeal, No. 6, May T., 1920, by defendant, from judgment of C. P. Dauphin Co., No. 107, Commonwealth Docket, 1916, in favor of plaintiff fixing amount of capital stock tax in case of Commonwealth v. Shenango Furnace Company.    Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Appeal from settlement of account for capital stock tax.    Before KUNKEL, P. J.

The case was tried by the court without a jury.    The court directed judgment to be entered in favor of the Commonwealth in the sum of $2,765.74, in an opinion by KUNKEL, P. J., as follows:

The facts in this case are as follows:

The defendant is a corporation incorporated under the laws of this Commonwealth.    It owns all the shares of the capital stock of the Shenango Steamship Transportation Company, also incorporated under the laws of this Commonwealth.    The value of the shares thus owned, or of the entire capital stock of the transportation company is $750,000; on $25,000 of which the capital stock tax was paid for the year in question.    No tax, however, was charged or paid on the remainder of the capital stock valued at $725,000 because it was represented by property located outside of the State.

The account appealed from was settled October 20, 1916, in which the defendant company was charged with

a tax amounting to $4,001.09. It paid $1,795.63, but objected to the payment of the remainder of $2,305.46 on the ground that the latter amount was a tax on its capital stock represented by its shares of stock in the transportation company of the value of $725,000 and that as that company had paid a tax on its capital stock the shares into which it was divided were not liable to taxation.

### DISCUSSION.

Since 1868 it has been the legislative policy to relieve from the personal property tax the shares of stock of corporations liable for a tax on their capital stock. This appears from the Act of January 3, 1868, P. L. 1318, and from sections 1, of the Acts of June 1, 1889, P. L. 420; June 8, 1891, P. L. 229, and June 17, 1913, P. L. 507. The policy arose out of the recognized identity of the capital stock and the shares composing it as one and the same subject, so that the taxation of the one is the taxation of the other and that to tax both would amount to double taxation. Quoting from the last act, that of 1913, which imposes a tax upon the shares of stock in corporations, domestic and foreign, held or owned by individual residents or corporations of this State, the language, which is substantially the same as that in the previous acts of assembly referred to, is: "except shares of stock in any......corporation......that may be liable to a tax on its shares or its capital stock for State purposes under the laws of this Commonwealth or relieved from the payment of the tax on its shares or capital stock for State purposes by the laws of the Commonwealth."

The fundamental inquiry here is whether the shares of stock in the transportation company owned by the defendant company and representing parts of the latter's capital stock are taxable under the facts in this case? It is quite clear that if the transportation company's capital stock composed of these shares has been taxed, the shares themselves cannot also be taxed and the de-

fendant's capital stock represented by them would not be liable for the tax here claimed. But the fact is that $725,000 of the capital stock of the transportation company has not been taxed. It was not liable to taxation because it was represented by property permanently located outside of the State. Not having been taxed the shares are not relieved from taxation. The statute only grants relief to the shares to the extent to which the capital stock is subjected to taxation. Here lies the difficulty with the defendant's contention. The transportation company has paid the tax on only a part of its capital stock. The defendant company owns all the shares. The tax on the remainder of the capital stock not having been paid, the shares in the hands of the defendant must answer for it. Unless taxed through its capital stock they would escape taxation altogether. We do not understand the statute to mean that when the tax has been paid on the part of the capital stock the shares into which it has been divided are wholly relieved of taxation. By a literal construction of the statutory provision, such a position might be sustained, but we are bound to construe it with due regard to the reason underlying its enactment and the purpose intended to be accomplished. As we have seen, the purpose was to avoid double taxation and the reason was the identity of the capital stock and the shares. To hold that the shares of the capital stock of a corporation, part of whose capital stock is not liable to taxation, are proportionately taxable is not to fall short of carrying out the full intention of the statutory provision.

It is also suggested that, as capital stock and the shares composing it are to be treated as one and the same taxable subject, the taxation of the shares in the present case amounts to the taxation of property outside of the taxing jurisdiction of the State as much so as would be the taxation of the capital stock representing such property. The identity of the two, however, was not intended to be effective except for the purpose

of taxation only. Even for that purpose they were formerly held to be separate and distinct subjects: Com. v. Standard Oil Co., 101 Pa. 119. At that time the holders of shares of the capital stock were liable to taxation on their shares and the corporation also was liable to a tax on its capital stock in its corporate capacity: Lycoming County v. Gamble, 47 Pa. 106; McKean v. Northampton County, 49 Pa. 519; Whitesell v. Northampton County, 49 Pa. 526. If we were to extend the identity beyond what we have indicated and to the point suggested by the defendant, the result would be that the resident holders of shares of stock in corporations, whose capital stock is not in this State and not liable to taxation here, would be relieved from the payment of a tax on the shares held by them. Surely no such result was intended by the legislation to which we have referred.

The very question which we are discussing was raised and decided, with but little comment, against the present contention, in Com. v. Westinghouse Air Brake Co., 251 Pa. 12, affirming 18 Dauphin Co. R. 174, on an appeal by that company. It may not be amiss therefore to repeat what was said by this court in that case: "It is quite true in Com. v. Fall Brook Coal Co., 156 Pa. 488; Com. v. Lehigh C. & N. Co., 162 Pa. 603, and in Com. v. U. G. I. Co., 162 Pa. 602, it was said that there was no distinction to be made between capital stock and shares of capital stock, and that the taxation of the one was the taxation of the other. That, however, was only one of the reasons on which the decisions in those cases rested. They were placed also upon the provision of the taxing statutes which expressly excepted from taxation the shares of stock of corporations liable to the capital stock tax or exempted therefrom. Act of June 1, 1889; Act of June 8, 1891, P. L. 229. It was clear from the provisions in the statutes that there was no intention to impose a tax on both the capital stock and the shares of which it was composed, but the exact contrary appeared. We would be carrying the conclusion there reached far

beyond what we think the court ever intended it should be carried, if we were to hold the shares of capital stock owned by a Pennsylvania corporation in other corporations not doing business in the State, and whose capital stock is not taxable in this State, to be exempt from taxation. In speaking of the scheme under the statute for the taxation of stocks, WILLIAMS, J., in Com. v. Fall Brook Coal Co., supra, said: 'This scheme includes every share of the stock in corporations created by, or doing business in this State, wherever it may be owned, by imposing the tax on the corporation. It includes every share of stock in corporations which the State cannot reach that may be held by any taxpayer by requiring him to disclose his ownership and then assessing the shares he holds directly to him.' Thus the shares of stock are only relieved from taxation when the capital stock itself is taxed. The double taxation referred to in the Fall Brook and other cases was that which would have resulted from the taxation twice by the same taxing power of what was regarded as the same subject. The case presented by this appeal is quite different. The subject of the tax here is the capital stock of the defendant company. Its capital stock is represented by the shares of stock which it holds in other corporations outside of this State. Those shares are taxable in this State, but the capital stock which they compose is not in this State and not subject to the taxing jurisdiction of this State. The statutory exception, therefore, does not apply. We are of opinion that the capital stock which is represented by shares of stock in the corporations which were not doing business in this State, and whose capital stock was not liable to taxation here, is taxable."

### CONCLUSION.

Wherefore, we conclude:

1. That the shares of stock in the transportation company of the value of $725,000 held and owned by the defendant company are not exempt from taxation.

2. That the capital stock of the defendant company represented by such shares is not relieved from, but is subject to, the capital stock tax.

3. That the shares of stock in the transportation company and its capital stock composed thereof, is not to be treated as identical except for the purpose of avoiding double taxation.

4. That the Commonwealth is entitled to recover as follows:

Tax charged, ................... $4,001.09
Amount paid, ................... 1,795.63
Amount unpaid, ........................ $2,305.46
Interest from Dec. 20, 1916, 6%, ........... 328.58
Attorney General's Com., 5%, .............. 131.70
                                          _____
    Total, ............................. $2,765.74

for which sum judgment is directed to be entered in favor of the Commonwealth and against the defendant unless exceptions be filed within the time limited by law.

Judgment was entered accordingly. Defendant appealed.

*Errors assigned,* among others, were (2-4) conclusions of law, quoting them.

*Geo. M. Hosack,* with him *Alter, Wright & Barron,* for appellant.

*Wm. M. Hargest,* Deputy Attorney General, with him *William I. Schaffer,* Attorney General, for appellee.

PER CURIAM, June 26, 1920:

This judgment is affirmed on the opinion of the learned president judge of the court below directing it to be entered.