## Shillington Bank Liquidating Trustees' Personal Property Assessment Case.

## Mohnton Trust Company Liquidating Trustees' Personal Property Assessment Case.

Argued November 8, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George B. Balmer,* with him *Samuel E. Bertolet* and *James W. Bertolet,* for appellants.

*Llewellyn R. Bingaman,* with him *Dawson H. Muth,* for appellee.

*Mark T. Milnor,* for amici curiae.

318

Opinion by Baldrige, J., December 17, 1937:

These two appeals were taken by the liquidating trustees of the Shillington Bank and Mohnton Trust Company, located in Berks County. They were argued together, and will be disposed of in one opinion.

The question for determination is whether personal property held by liquidating trustees of an insolvent bank is subject to a four-mill personal property tax for county purposes, enforced by the Act of June 17, 1913, P. L. 507, as last amended by the Act of April 21, 1933, P. L. 54 (72 PS §4821).

This question is novel as it has not heretofore received the consideration of an appellate court, in so far as our examination discloses, and it is important as it appeared in the argument that it affects the liquidating trustees or receivers of other closed financial institutions. The underlying facts, about which there is no dispute, are substantially the same in both appeals, except as to the amount of tax assessed.

Upon the insolvency of these two banks, plans for reorganization were drawn up, adopted, and approved, pursuant to the provisions of the Act of May 4, 1933, P. L. 271 (7 PS §109 et seq.). In accordance therewith certain assets of the old banks were transferred to a new bank. The remaining assets of each bank, consisting of bonds, stocks, notes, etc., were transferred on July 7, 1933, to three individuals, for the purpose of liquidating and distributing them to the depositors, creditors, and stockholders of the old banks, respectively. The trustees accepted the trust and issued participating certificates to the depositors, creditors, donors, and stockholders. The donors were directors and shareholders who had advanced money to the old banks. Distribution of the assets in the hands of the trustees was to be made in the order named.

The Board of Revision of Taxes and Appeals of Berks County, on April 14, 1936, assessed the personal prop-

erty in the hands of the liquidating trustees of the Shillington Bank at $62,686, and that in the hands of the liquidating trustees of the Mohnton Trust Company at $105,880. These assets, in each case, had formerly been part of the commercial department of the banks. Each set of liquidating trustees took an appeal to the board of county commissioners, sitting as a board of revision and appeal, which sustained the right to make the assessment, but modified the amount thereof. The appeals that followed to the Court of Common Pleas of Berks County were dismissed.

The statute which the county contends renders the personal property subject to a four-mill tax is the Act of June 17, 1913, P. L. 507, §1, as last amended by the Act of April 21, 1933, P. L. 54, which provides, in part, as follows (72 PS §4821) :

"All personal property ...... owned, held, or possessed by any person, persons ...... resident ...... within the Commonwealth, ...... whether such personal property be owned, held, or possessed by such person or persons ...... in his, her, their, or its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit, or advantage of, any other person, persons ...... is hereby made taxable, annually for ...... county purposes, at the rate of four mills on each dollar of the value thereof ...... that is to say.—

"All mortgages; all moneys owing by solvent debtors ......; all articles of agreement and accounts bearing interest," etc.

Among the classes of personal property specifically exempted by the Act are the following:

"And provided further, That corporations ...... liable to tax on capital stock for State purposes, shall not be required to make any report or pay any further state tax, under this section, on the mortgages, bonds,

and other securities owned by them in their own right ......"

Appellants insist they are not liable for the tax, although they are trustees, because the act only applies to "trust estates which are formed for the purpose of obtaining income for beneficiaries and not as in the cases at bar for the purpose of liquidation of the assets."

Admittedly, appellants are within the general provisions of the statute imposing the tax. They are voluntary trustees, holding personal property for the use and benefit of persons designated in the liquidation plan. If they are entitled to relief, they must seek refuge under the exemption provision.

In construing statutes relating to taxation, the following rule is stated by Mr. Justice SIMPSON, in a concurring opinion in *Callery's Appeal*, 272 Pa. 255, 272, 116 A. 222, where the construction of the Act of June 17, 1913, now before us, was under consideration:

"(1) No tax can be collected in the absence of a provision clearly imposing it upon the class to which the taxpayer or his property belongs; (2) Where the taxpayer or his property is within the general language of the statute imposing the tax, all exempting provisions are to be strictly construed against the claim for exemption; (3) Provisions relating either to the imposition of or exemption from a tax, are to be so construed as to give effect, as nearly as reasonably may be, to the common law duty to tax equitably and ratably all those within the given class, this subject being partially dealt with also in article IX, section 1, of our Constitution." See, also, *Com. v. Sunbeam Water Co.*, 284 Pa. 180, 130 A. 405; *Com. v. Stegmaier Brewing Co.*, 309 Pa. 52, 163 A. 175; *Sellers' Estate*, 325 Pa. 377, 191 A. 170; *Tack's Estate*, 325 Pa. 545, 191 A. 155.

These liquidating trustees do not come expressly within any of the various exempting provisions of the act as they do not constitute a corporation; nor can

the act, in our judgment, be so construed as to exempt them from its operation by implication. True, the appellants, as liquidating trustees, have made returns to the commonwealth for tax on shares of stock of the former banks, and the commonwealth has issued settlement certificates showing no tax due on the shares of these banks, but it does not follow that they escape the payment of the personal property tax under the exemption provision above quoted, for two reasons: In the first place, the filing of a return on capital stock by the trustees, acting for and in behalf of the old banks, even if they had paid a capital stock tax, would not be conclusive as to their non-liability for personal property tax on the same property, unless the corporation was in fact liable under the Act of 1913, supra, for the capital stock so paid. As the Supreme Court, speaking through the present Chief Justice, stated in *Callery's Appeal,* supra (p. 269):

"It is here contended that the auditor general's report, fixing liability to tax, is conclusive, and the court cannot go behind it. The legislature has seen fit to set up two taxing tribunals, each having equal powers, to determine a fact, to wit, a corporation's liability to a tax on its capital stock. The auditor general made an assessment or finding; the county, the other cotaxing authority, is to be heard as a party in interest. If the auditor general's reports are to be received as conclusive, as that official is diligently looking after the state's revenues, one can easily see where the counties might suffer. On the other hand, it would be intolerable to have the auditor general's action subjected to an attack, or set aside indiscriminately, by the sixty-seven county-taxing officials. The court below was in error in holding the [auditor general's] report conclusive under the facts in this case."

In the second place, the liquidating trustees were not the old banking corporations; nor does it appear that

any of their acts as liquidators were done on behalf of the old corporations. The plan of liquidation provides, however, that the trustees are to pay for any costs incurred in winding up the business and dissolving the charters of the old banks. It clearly appears that the trustees hold the property in their hands for the sole use of depositors, creditors, donors and stockholders. Any possible surplus remaining after payment of debts in full would go to the individuals holding participation certificates and not to the old banks. There is no right of reversion in them to any of the assets sought to be taxed.

Cases involving the liability of receivers of a corporation to taxation of property of the corporation in their hands are not conclusive here, as a receiver of an insolvent corporation is an officer of the court appointing him (*Pramuk's App.*, 250 Pa. 45, 95 A. 326), and has a status different from that of voluntary trustees for purposes of liquidation. Clark, The Law of Receivers, vol. 1, chap. II, §21, p. 32, points out the distinction between a trustee and receiver.

Appellants rely upon *School Directors of the City of Lancaster v. Rathvon*, 30 Pa. 533, 536, as being decisive of the question here raised. In that case, bills receivable in the hands of Rathvon, a voluntary assignee for the benefit of creditors of the Lancaster bank, were held not subject to a tax on personal property assessed by the school directors of Lancaster city. The opinion does not show under what act of assembly the tax was levied. The Supreme Court there referred to the Act of April 22, 1846, apparently by analogy, as being an act imposing a tax on personal property held in trust, and used general language indicating that it was against public policy to tax "property which the law has taken into its own hands, simply to collect, and then to distribute, and of which it has designated

the temporary stakeholders or trustees for the better accomplishment of its work."

That decision cannot be regarded as controlling here. It does not appear that the Supreme Court was dealing there with the Act of April 22, 1846. That act required county commissioners to assess annually "all property real or personal (not taxed under existing laws), held, owned, used, or invested by any person, company, or corporation, in trust for the use, benefit or advantage of any other person, company, or corporation, excepting always such property as shall be held in trust for religious purposes." Its wording, although perhaps rather broad, is by no means identical with that of the Act of 1913, supra, which expressly imposes a liability. Furthermore, if the reasoning of the Rathvon Case were followed, administrators and executors would not be liable to the four-mill personal property tax on the assets of a decedent in their hands during the administration of the estate. That would be in conflict with our ruling in *Estate of Dalzell, Deceased,* 96 Pa. Superior Ct. 467, where we held, speaking through Judge (now Justice) LINN, that personal property in possession of an executor during the administration of a decedent's estate, which would be taxable if then held by an individual, is likewise taxable under the Act of 1913 in the hands of the executor.

Cases from other jurisdictions, cited by appellants, are of little value here as the provisions of the taxing acts of the other states concerned are materially different from the act here in question.

Whatever may be said in favor of exempting, as a matter of public policy, personal property temporarily in the hands of trustees for purposes of liquidation, we cannot, in view of the plain wording of the act, hold otherwise than that the legislature has imposed liability for the tax under the circumstances here present. We see nothing unjust or inequitable in the imposition

324

of this tax, as appellants argue, because they may be liable to pay a similar amount as a state personal property tax. It is the policy of this commonwealth that all who possess assets or property of value must bear their proportionate share of taxes to meet the expenses of government. These receivers are not called upon to pay a greater amount than other taxables who own or have an interest in personal property. It may be fairly assumed that these trustees will receive a certain amount of interest or dividends on the securities in their hands.

Decree of the learned court below is affirmed, in each case, at appellants' costs.

RHODES, J., dissents.