## Manayunk Trust Company's Appeal

*Joseph M. Price*, for accountant.

*Abraham Wernick* and *Francis F. Burch*, for board of revision of taxes.

ALESSANDRONI, J., July 25, 1941.—On September 12, 1940, the Secretary of Banking of the Commonwealth of Pennsylvania, receiver of the Manayunk Trust Company, appealed from the action of the Board of Revision of Taxes of the City of Philadelphia assessing personal property in accordance with the return of the said taxpayer in the sum of $273,968.12 for the year 1934. This appeal was sustained by this court on May 2, 1941, and it was ordered that the assessment be stricken from the records. Exceptions to the findings and conclusions of the court have been filed on behalf of the city.

On December 30, 1933, the receiver of the said trust company filed an amended return with the board of revision of taxes wherein it included as taxable personal property for the year 1934 an item designated as

"sundry trusts" in the sum of $273,968.12. This return was accompanied by the usual form of affidavit wherein it was stated that "the foregoing return is a full, true and correct statement, to the best of his knowledge and belief of all personal property owned or held in trust by the Manayunk Trust Company that is subject to taxation for the year 1934 under the laws of this State."

An assessment was made in accordance with this return. Thereafter no action was taken until April 17, 1940, when the deputy receiver of the said trust company filed with the board of revision of taxes an application for the correction of the return and assessment. This application was denied by the board, whereupon an appeal followed to this court.

The property which is the subject of this tax consists of a portfolio of mortgages which was held by the bank in a mortgage trust pool as collateral security for certain certificates of deposit. The Banking Department contends that this court, in a decision filed on July 19, 1934, decided that the relationship between the said trust company and the holders of the certificates of deposit was that of debtor and creditor; that, therefore, these mortgages were held by said trust company in its own right and were not subject to personal property tax under the Act of June 17, 1913, P. L. 507, as amended.

No explanation, however, is offered for the lapse of time intervening between the decision of July 19, 1934, and the application for correction of the return and assessment filed April 17, 1940. We are of the opinion that the board of revision of taxes properly refused the application under the decision in the recent case of Appeal of Courlaender's Estate, 143 Pa. Superior Ct. 475. In that case a return was filed with the board of revision of taxes in November 1938 for certain personal property. On July 3, 1939, the Supreme Court of Pennsylvania handed down its opinion in Dorrance's Estate,

333 Pa. 162, in which it was held that where there are several trustees, one or some of whom reside in another State where the trust is administered, such property is not the subject of personal property tax. It was contended that this decision applied to Courlaender's Estate because one of the three trustees was the Camden Safe Deposit & Trust Company, situate in Camden, N. J., where all the assets were kept. The application for the correction of the assessment was not filed, however, until almost 11 months later, namely, in November 1939. The court held that this delay precluded the correction of the return, and the failure of the trustees to comply with the provision of the law requiring an appeal to the board of revision of taxes within the time fixed and advertised by the board made it necessary for the board to refuse the application.

The opinion of this court of July 19, 1934, is analogous to the decision in Dorrance's Estate. The delay of more than six years in filing an application for correction requires that that application be dismissed. We might also point out that under the Act of May 22, 1933, P. L. 853, sec. 518, as amended, 72 PS §5020-518, an appeal from the action of the board of revision of taxes to the court of common pleas must be taken within 60 days. The action of the board dismissing the application occurred on June 13, 1940. The appeal to this court was filed on September 12, 1940.

We do not, however, rest our decision solely upon this procedural defect. We believe the assessment was properly made and that the opinion of this court speaking through Lamberton, J., supports rather than opposes such an assessment. A receiver of a liquidating trustee holding taxable assets is subject to personal property tax: Shillington Bank Liquidating Trustees' Personal Property Assessment Case, 129 Pa. Superior Ct. 316. Mortgages which are held in a pool and are represented by participation certificates are likewise taxable for county purposes under the Act of June 17,

1913, P. L. 507: Cumberland County v. Lemoyne Trust Co., 318 Pa. 85. Appellant contends that that case is distinguishable from the present case. The differences, however, are not operative factors for tax purposes. In the Lemoyne case we find the usual mortgage trust pool in which the certificate holders were assigned an undivided interest in the mortgages. The plan devised by the Manayunk Trust Company for accomplishing the same purpose varied from the customary. The Manayunk Trust Company executed a declaration of trust and conveyed to itself as trustee a large group of mortgages. It was declared that they were to be held in a fiduciary capacity upon various and sundry trusts for the use and benefit of the beneficiaries. It was further declared that the said trust company had no beneficial interest therein except an equity which was the difference between the total par value of the mortgages and the total amount of the trust funds. The trust company then issued certificates of deposit in which it was declared that it would pay the amount of the certificate on demand at a fixed rate of interest, payable at specified times. As security for the payment of the certificate it was stated that the trust company had set apart and held in trust the mortgages in the mortgage trust pool. In its trust fund ledger, the company carried an account designated as "mortgage trust certificate interest," and the control sheet of the trust department contained an entry "mortgage trust certificates" which showed the face value of such certificates outstanding. The equity in the mortgage trust pool which was the difference between the face value of the certificates outstanding and the face value of the mortgages in the pool was merged with the mortgages owned outright by the trust company and included in an item designated as "mortgages" in the general ledger.

When this matter was before Judge Lamberton the holders of the certificates of deposit requested dividends as depositors, and contended that in case they were not

so paid in full they would then have recourse to the mortgage trust pool for the payment of the balance. The Banking Department contended that the certificate holders were beneficiaries of a trust fund and not depositors. The court at the time properly held that the trust company by the terms of the certificates of deposit became the debtor of the certificate holders and that this legal status was not affected by the manner in which their obligation to repay the fund on demand was secured by the declaration of trust which created the mortgage trust pool. We are not at this time, however, concerned with the relationship between the bank and the holder of a certificate of deposit. What we must determine is whether these mortgages were owned, held, or possessed by the bank in their own right or as active trustee, agent, attorney in fact, or in any other capacity for the use, benefit, or advantage of any other person. We believe that the conclusion is inescapable. By its own declaration of trust, by the manner in which these mortgages were carried on their books and statements of account, by its own return to the board of revision of taxes, and by the very arrangement under which these assets were segregated, the trust company was holding them for the benefit and advantage of other persons. It was only the equity hereinbefore described which was owned by the trust company in its own right.

We are, therefore, of the opinion that the exceptions of the City of Philadelphia to the adjudication of this court should be sustained, and the appeal from the assessment of the board of revision of taxes dismissed.

### Order

And now, to wit, July 25, 1941, the exceptions of the City of Philadelphia to the adjudication of this court of May 2, 1941, are sustained and the appeal of the Secretary of Banking, receiver of the Manayunk Trust Company, from the assessment of the board of revision of

taxes for the year 1934 on the personal property of the said trust company in the sum of $273,968.12 is dismissed.