## Snyder Township School District

*Alex A. Notopoulos*, for petitioners.

*J. McClellan Davis*, for Snyder Township School District.

PATTERSON, P. J., May 10, 1949.—This is an appeal by citizens and aggrieved taxpayers of the School District of Snyder Township, Blair County, from a proposed tax of one percent upon the gross wages of all persons gainfully employed and the net incomes earned by means of business activities conducted within the school district, by virtue of Resolution No. 235, adopted by the board of school directors on February 3, 1949. Petitioners contend that the resolution is unlawful for several reasons.

### Statement of Facts

At the time of adoption of Resolution No. 235 the board was operating under an annual budget covering the fiscal year from the first Monday of July 1948 to the first Monday of July 1949. The budget did not contain any reference to any income from the resolution now in question. The budget has not been revised or amended. The resolution provided, inter alia, for the collection of tax from March 8, 1949, to the first Monday of July 1949.

The assessed valuation of real estate in the district at the time of adoption of the resolution was $473,975. Under the Act of June 25, 1947, P. L. 1145, the district is limited to the collection under the resolution in ques-

tion to a sum equivalent to 35 mills on the assessment of $473,975, or $16,589.12. There are 3,500 to 4,000 inhabitants in the district. There are 1,010 gainfully employed persons in the district at an average wage of $2,500 per year, or $2,525,000 per year, subject to the tax of one percent, which is estimated to produce $25,250, which sum exceeds the limitation of $16,589.12 by $8,660.88.

The intention to adopt the resolution was not advertised in the Blair County Legal Bulletin, a duly authorized legal publication.

The resolution authorizes and directs employers to deduct the tax from the wage earners, but makes no provision for credit to the wage earner in case of default by the employer to make proper payment to the tax collector.

## Discussion

Petitioners contend that the tax levy is unlawful for the reason that the amount proposed to be collected exceeds the limitation prescribed by section 1 of the Act of June 25, 1947, P. L. 1145, 53 PS §2015.1, which reads as follows:

"The aggregate amount of taxes annually imposed by enactment of an ordinance or resolution by any political subdivision under this section shall not exceed an amount equal to the product obtained by multiplying the total assessed valuation of real estate in such political subdivision at the time of the said enactment by the maximum millage of tax thereon allowed by law."

Petitioners argue that the sum covered by the levy, to wit, $25,250, exceeds the limitation by the sum of $8,660.88, which is 50 percent over and above the limitation prescribed by the law. Further, the school board is not authorized under the law to levy a tax for school purposes, except in the months of April and May of each year.

It is argued in behalf of the school district that it will have a deficit of $6,000 on account of certain additional sums of money which will be required for construction of new building and repairs, transportation of pupils and additional teachers' salaries, and that these additional expenses create a condition of emergency. However, none of these objectives come within the classification of emergency included in the amendment to the School Code relative to budgetary requirements, and for which a special levy may be made: The School Code of May 18, 1911, P. L. 309, section 563, as last amended by the Act of May 31, 1947, P. L. 343, 24 PS §610. Moreover, the Act of May 31, 1947, authorizes a levy of tax for general revenue purposes only, and Resolution No. 235 specifically sets forth that the proposed tax is levied "for general school district purposes", and makes no reference to any emergency relief. See Act of June 25, 1947; Dunkard Township School Case, 359 Pa. 605.

It is argued in behalf of petitioners that the local taxing authorities are required to include revenue proposed to be collected by a tax levy in the budget which is published prior to the levy of the tax, and the fact that the budget did not contain any reference to the proposed revenue herein levied it is, therefore, unlawful: Section 563 of the School Code, as amended; Marsh v. Erhard et al., 354 Pa. 570.

It is provided in the resolution that the tax collector is the only person authorized to issue a receipt discharging the taxable from liability, and it was admitted in behalf of the district at the time of the hearing and the argument that in the event of default by the employer the taxable would be subject to penalties and payment over. Double taxation has been defined by the appellate courts as:

". . . 'the taxation twice by the same taxing power of what was regarded as the same subject' (Com. v.

Shenango Furnace Co., 268 Pa. 283, 288), and, it may be added, the same kind of tax.": Allegheny County Motor Co. et al. v. Pittsburgh et al., 360 Pa. 407, 414.

It has also been held that where there is any doubt about a matter of double tax it is to be resolved in favor of the taxpayer: Philadelphia v. Goldfine, 151 Pa. Superior Ct. 59; Arrott's Estate, 322 Pa. 367; Appeal of Dixon, 138 Pa. Superior Ct. 385. Any doubt "as to the imposition of the tax . . . should be resolved in favor of the taxable": Barber's Estate, 304 Pa. 235, 244; Krause's Estate, 325 Pa. 479, 482.

### Conclusions of Law

Upon a careful study of the law and the resolution, together with the facts in this case, and without disposing of the questions raised as to legality of the notice and the failure of the resolution to provide for proper deductions or reimbursement for tax illegally collected, the court concludes that Resolution No. 235, adopted by the School Board of Snyder Township February 3, 1949, effective March 8, 1949, is unlawful for the following reasons:

1. The resolution is illegal and void, being in violation of section 502 of the School Code, which requires general tax levy to be made in April or May of each year: 24 PS §332.

2. The resolution is illegal and void, being in violation of the School Law requiring tax to be levied according to budgetary estimates: Section 563 of the School Code, as amended July 18, 1935, May 13, 1937, and May 31, 1947: 24 PS §610.

3. The resolution estimated to provide $25,250 on wages and gross business receipts exceeds the limitation prescribed by Act of June 25, 1947, by the sum of $8,660.88. It is, therefore, illegal and void. . . . (See note below.)

4. The provision of the resolution which would require the wage earner to pay over again any tax deducted by an employer who defaults in remitting the same to the tax collector, being the same tax on the same person under the same levy, is tantamount to double taxation, and is, therefore, illegal and void.

### Decree

Now, May 10, 1949, Resolution No. 235, adopted by the School District of Snyder Township on February 3, 1949, is declared to be unlawful and of no effect.

NOTE—The General Assembly in 1949 enacted an amendment to the Act of June 25, 1947, effective after December 31, 1949, eliminating nonresidents of fourth class school districts, and reducing the limit from an amount equal to 35 mills on the assessed valuation to 15 mills. See Act No. 246, approved May 9, 1949.