## Hull *versus* County of Luzerne.

A lessee of coal mines agreed that he should mine a certain quantity of coal each year at a royalty of so much per ton, and, if in any one year he failed to mine said quantity, the royalty on said quantity was to be calculated, the amount paid for the current year deducted, and interest allowed upon the balance, such interest to be continued until the deficiency upon which the interest was based should have been mined.    *Held*, that the sum thus due by the lessee was due on an "article of agreement and account bearing interest" within the letter and spirit of the Act of April 29th 1844, and liable to taxation.

March 10th 1880.    Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.    GREEN, J., absent.

Error to the Court of Common Pleas of *Luzerne county :* Of January Term 1880, No. 94.

Case stated, wherein the county of Luzerne was plaintiff and William H. Hull defendant.

The case as stated, was as follows :—

That the said William H. Hull, with five others, are the owners in fee-simple of a tract of land in Blakely township, Luzerne county.    That by articles of agreement bearing date 5th of July

1858, the coal in and upon said tract of land was leased to Abel Barker, Lewis Pughe and Edward Jones, and that by virtue of a deed of assignment bearing date the 12th of April 1864, the right, title and interest of said Barker, Pughe and Jones became vested in the president, managers and company of the Delaware & Hudson Canal Company. That in and by virtue of an article of agreement between the said company, party of the one part, and the above-named William H. Hull (together with the five other parties, tenants in common as aforesaid), parties of the other part, bearing date the 3d of September 1867, it was agreed that the said company should mine and remove from the land of the said Hull and others, at least one hundred thousand tons of coal in each and every subsequent year, and should pay for the same at the rate of sixteen cents per ton for one class or grade of coal, and at the rate of twelve and one-half cents per ton for another class or grade. And it was in the same articles further agreed, " That if the said canal company, after the year 1869, fail to take out and pay for, in any one year, 100,000 tons, the royalty or rent shall be calculated upon 100,000 tons, the amount paid for the then current year deducted and interest allowed upon the balance, such interest to be continued until the deficiency upon which the interest was based shall have been mined and taken out." And it is further agreed upon as fact, that the said canal company have, during a portion of the time between the years 1869 and 1875, failed to take out the amount stipulated for, to wit: 100,000 tons each year, and that there is due to the said William H. Hull the sum of about $6000, more or less, as his proportion of the royalties for coal, which should have been taken out of said tract of land by the said company, but which they have not yet taken out, and upon which they have, during the past two years, paid interest to the said defendant, Hull. It is also agreed as being true that in the regular assessment for taxes for the year 1875, in the township of Blakely, the said William H. Hull was assessed (inter alia) upon the sum of $6000 money at interest, the same being the money to be paid to the said Hull as royalty, when the coal shall have been taken out, as stipulated for. And it is further agreed as true that the said tract of land is regularly assessed as coal land, the value of the coal still in the ground being considered in said assessment, and that upon the assessment of $6000, as above, a tax of three mills for state purposes has been levied, amounting to the sum of $18.· If the court be of the opinion that the said sum (as above stated) of $6000 is liable to assessment for state taxation, then judgment to be entered for the plaintiff. But if not, then judgment to be entered for the defendant.

The Act of Assembly under which plaintiff claimed the right to collect the tax in question, is that of April 29th 1844, Purd. Dig. 180, pl. 147. The material portions are: " All personal estate,

to wit: * * * all mortgages, money owing by solvent debtors, whether by promissory note, penal or single bill, bond or judgment; also all articles of agreement and accounts bearing interest, owned or possessed by any person and persons whatsoever, except notes or bills for work and labor done, and bank notes * * * together with all other things now taxable by the laws of this Commonwealth, shall be valued and assessed and subject to taxation, for the purposes in this act mentioned, and for all state and county purposes whatsoever."

The court, Hand, A. L. J. delivered the following opinion :

" This is a case stated to determine whether $6000 due to the defendant under a coal lease, and drawing interest by the terms of the lease, is liable to taxation for state purposes, the land from which the coal is to be taken being also taxed. The money in question is included within the terms of the Act of Assembly making property liable for state taxes. That the real estate is also held taxable for county purposes, which may include in its value the same amount, is no reason why the state should not receive its proper tax on this money at interest. It is possible, the county assessment is too high, but the proper remedy for that is appeal. Even if the case stated presented a clear charge of double taxation (which it does not), the property is no more free from the grasp of the law than real estate and the mortgage upon it, which are held liable to the same tax. Upon the principles recognised in Carbon Iron Co. *v.* Carbon County, 3 Wright 251, and Lackawanna Iron & Coal Co. *v.* County of Luzerne, 6 Id. 424, it is adjudged that the defendant is liable for this tax. Judgment is therefore entered for the plaintiff upon the case stated."

The defendant took this writ and alleged, that the court erred in this action.

*E. B. Stinger*, for plaintiff in error.—What the plaintiff is seeking to assess and tax, is not " money owing " in the sense contemplated by the statute. While the contract uses the term " interest," the payments thereby designated are simply a compensation, bonus or penalty for the failure to mine and pay for the stipulated quantity of coal. The use of the word " interest " pre-supposes the existence of a principal sum—an indebtedness out of which it arises.

The actual indebtedness arises only when the coal is actually mined, and therefore may never exist. For like reasons, defendant should not be taxed up the contract as an " agreement bearing interest."

*Thomas H. Atherton* and *Allan H. Dickson*, for defendant in error.—This court held in Voegtly *v.* School Directors, 1 Barr 332, that money payable under articles of agreement for the sale

[Hull *v.* County of Luzerne.]

of land, and bearing interest, was taxable; and the ground for the decision, as clearly announced by the court, was the clause of the Act of 1831, which made "moneys at interest, and all debts due from solvent debtors" subject to taxation.

The liability of the lessees certainly attaches as soon as the deficit occurs, and the sum which is to bear interest, and ultimately to be paid, is definitely ascertained. If the lessors receive the present use, benefit or advantage of the fund, it is taxable as if actually in their hands: Spangler *v.* York Co., 1 Harris 322, and cases cited.

The judgment of the Supreme Court was entered March 29th 1880,

PER CURIAM.—We affirm this judgment upon the opinion of the learned judge of the court below. We think it very clear, that the sum due by the Delaware and Hudson Canal Company, was due on an "article of agreement and account bearing interest," and within as well the letter as the spirit of the Act of 1844.

Judgment affirmed.