## Shillington Bank Case.

## Mohnton Trust Company Case.

Argued May 11, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. W. Bertolet,* with him *Samuel E. Bertolet* and *Geo. B. Balmer,* for appellants.

*Llewellyn R. Bingaman,* with him *Dawson H. Muth,* for appellee.

*Mark T. Milnor,* for amici curiæ.

OPINION BY MR. JUSTICE BARNES, October 3, 1938:

The sole question before us is whether property in the hands of liquidating trustees of an insolvent state banking institution is subject to the four-mill personal property tax for county purposes imposed by the Act of June 17, 1913, P. L. 507, as last amended by the Act of April 21, 1933, P. L. 54.

In 1933, The Shillington Bank and Mohnton Trust Company, state banking institutions in Berks County, were placed upon a restricted basis by the Secretary of Banking. A plan of reorganization for both institutions was adopted under the Act of May 4, 1933, P. L. 271, and a portion of their respective assets was transferred to a bank then organized called the Wyomissing Valley

Bank. The remaining assets were delivered on July 7, 1933, to three trustees for each institution for purposes of liquidation and distribution. These assets consisted of promissory notes, bonds and stocks formerly held by the commercial departments of the two banks.

In accordance with the reorganization plan, Wyomissing Valley Bank paid the depositors and creditors of the closed banks forty-eight per cent of their claims, and the two sets of liquidating trustees issued participating certificates in the following order of preference: (1) depositors' participation certificates, (2) donors' participation certificates,[1] (3) shareholders' (of the closed banks) participation certificates.

On April 14, 1936, the Board of Revision of Taxes and Appeals of Berks County, after hearing, assessed the personal property held by the liquidating trustees of The Shillington Bank at $62,686, and that held by the liquidating trustees of Mohnton Trust Company at $105,888 for the fiscal year of 1936. It is conceded that these amounts are correct if the property so held is taxable. Separate appeals were taken by the liquidating trustees to the court of common pleas, which sustained the assessments.[2] The Superior Court affirmed the decrees so entered,[3] whereupon appeals were allowed to this court.

Section 1 of the Act of 1913, as amended by the Act of April 21, 1933, P. L. 54, provides in part as follows: "All personal property . . owned, held or possessed by any person, persons . . resident . . within this Commonwealth . . whether such personal property be owned, held, or possessed by such person or persons . . in his, her, their, or its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the

---

[1] Donors were directors and shareholders who advanced money to the two closed banks.

[2] Reported in 29 Berks 151.

[3] See 129 Pa. Superior Ct. 316.

use, benefit, or advantage of any other person, or persons . . is hereby made taxable annually for county purposes, . . at the rate of four mills on each dollar of the value thereof, . . that is to say,—All mortgages; all moneys owing by solvent debtors, . . all articles of agreement and accounts bearing interest; . ." The section makes the following exception: "And provided further, That corporations . . liable to tax on capital stock for State purposes, shall not be required to make any report or pay any further tax, under this section, on the mortgages, bonds and other securities owned by them in their own right; . ."

Prior to the time they were closed by the Secretary of Banking, these banks were not subject to the Personal Property Tax because each paid the tax imposed by the Act of July 15, 1897, P. L. 292, as amended, known as the tax on shares. Since their appointment the liquidating trustees of both institutions annually have made reports to the Secretary of Revenue for the tax on shares, and have received settlement certificates showing no tax due, because the shares of the two closed banks had become valueless.

It is contended by these trustees that the tax imposed by the act in question pertains only to trusts created to provide income for beneficiaries, and does not apply to trusts of the character now before us, where the single purpose is to liquidate and distribute the assets of insolvent corporations. They insist that they are liquidating trustees of corporations "liable to a tax on capital stock," and that consequently the assets in their hands are relieved from the payment of the personal property tax by the exemption provision of the statute. The action of the Commonwealth, they say, in requiring returns to be filed by them for the assessment of a tax on capital stock, and the issuance by the Secretary of Revenue of settlement certificates thereunder, conclude their status under the Act of 1913, so as to bring them within the terms of the exemption.

An examination of the Act of 1913, as amended, leaves little doubt that personal property in the hands of these liquidating trustees is subject to the tax there imposed. The trust property in question is specifically included within the class of taxable personalty. The tax is expressly imposed on such property whether held in the holder's "own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit, or advantage of any other person." The liquidating trustees are included within this general provision and subject thereto, unless relieved from the tax by the exemption provision.

However, in considering claims for exemption from taxation, it is an established principle that "all exempting provisions are to be strictly construed against the claim for exemption": *Com. v. Sunbeam Water Co.*, 284 Pa. 180; *Com. v. Stegmaier Brewing Co.*, 309 Pa. 52; *Sellers's Estate*, 325 Pa. 377; *Tack's Estate*, 325 Pa. 545. Are these liquidating trustees embraced within the language of the statute exempting "corporations . . liable to tax on capital stock"? They are not vested with any corporate powers. They are not a continuation of the former banking corporations. Under the plan of reorganization the assets of the closed banks have passed from those corporations and the machinery of a trust is set up under the act, to liquidate and distribute such assets among the various persons entitled thereto. They hold the property for the benefit of the individual depositors, creditors, donors and shareholders without any right of reversion in the closed banks; if any surplus remains it is distributable, under the liquidation agreement, to those persons holding shareholders' participation certificates.

It is apparent that the legal status of these voluntary trustees is different from that of a corporate receiver, who represents the corporation itself, and is therefore liable to the provisions of the act imposing a tax on shares, and entitled to the benefits of the exemption

clauses of the statute. See *Stratford v. Franklin Paper Mills Co.*, 257 Pa. 163, and cases there cited. There is no merit in the contention of the trustees that the acceptance by the Commonwealth of capital stock tax reports and the issuance of settlement certificates based thereon, are conclusive that the trustees are subject to the tax on shares. The acceptance of reports and the payment of a tax are not determinative of taxable status: *Callery's Appeal*, 272 Pa. 255, 269.

We are in accord with the view of the learned Superior Court that *School Directors v. Rathvon*, 30 Pa. 533, is not controlling here for the reasons set forth in the opinion of Judge BALDRIDGE (p. 322) when this case was before the Superior Court.

It is earnestly argued that the effect of subjecting the assets in the hands of these trustees, to the payment of the personal property tax will be to reduce the funds available for distribution to creditors and shareholders of closed banks. However, relief from the situation so presented can be afforded only by the legislature. At the same time it must be borne in mind that these trustees are not called upon "to pay a greater amount than other taxables who own or have an interest in personal property."

The decrees in No. 202 and No. 203, January Term, 1938, are affirmed. Appellants in each case to pay the costs.