## Commonwealth v. Lichtman

*Harry B. Schultz*, for Commonwealth.
*David F. Kaliner*, for defendant.

SLOANE, J., October 14, 1939.—This appellant claims he is a manufacturer, and resists the imposition of a mercantile license tax as a wholesale vendor of shirts. He was dissatisfied with this classification and has appealed to this court: Act of May 2, 1899, P. L. 184, as amended by the Act of April 25, 1929, P. L. 681, 72 PS

§2754. We will not change the board's classification, for we also conclude that he is not a manufacturer in the sense that he is exempt by the exempting provisions of section 11 of the Act of April 22, 1846, P. L. 486 (see footnote to 72 PS §2661), as supplemented by the Act of February 27, 1868, P. L. 43, 72 PS §2681.[1]

Appellant buys shirtings, designs them, and cuts them to pattern. The cut material, in bunches, he sends to a manufacturing company in York, Pa., where it is made into finished shirts, with the lining, buttons, and labels supplied by appellant. He then gets the material back as finished shirts, trims them, presses them, packs them, and ships them to his dealers. He has nothing to do with the work in the plant at York. In fact, he has never been there. He has a contract, and he pays so much for so many shirts, plus a charge for the social security tax of the York plant's employes.

With these factual circumstances, can we conclude that appellant is a manufacturer?

We must have in mind that "The mercantile license tax has its own historic background in entirely different statutes, namely, those subjecting dealers in . . . goods, wares and merchandise to this particular form of tax-

---

[1] The Act of April 22, 1846, P. L. 486, sec. 11, 72 PS §2661 note, provides: "That hereafter all dealers in goods, wares and merchandize, the growth, product and manufacture of the United States, and every person who shall keep a store or warehouse, for the purpose of vending and disposing of goods, wares and merchandize, where such person is concerned or interested in the manufacture of such goods, wares and merchandise, shall be classified in the same manner, and required to pay the same annual tax and license fee, as is provided and required in relation to dealers in foreign merchandise: *Provided,* That mechanics who shall keep a store or warehouse at their own shop or manufactory, for the purpose of vending their own manufactures exclusively, shall not be required to take out any license." The declaratory statute of February 27, 1868, P. L. 43, sec. 1, 72 PS §2681, interprets this section to mean that "a manufacturer or mechanic, not having a store or warehouse apart from his manufactory or work-shop, for the purpose of vending goods, such manufacturer or mechanic shall not be classified or required to pay the annual tax and license as is now required. . .".

ation; solely in this light, and in the exempting provisions of the Acts of 1846 and 1868 themselves, we must find the solution of our present question": Commonwealth v. Lowry-Rodgers Co., 279 Pa. 361, 367.

Our common-sense reaction is that what appellant does is not manufacturing, and perhaps we should allow this reaction to come into play in reaching our conclusion. See Commonwealth v. Sunbeam Water Co., 284 Pa. 180, 184. What appellant does is cut materials, and trim, press, pack, and deliver finished shirts. When he is through cutting, it is still material. It is not a product. It is not a new or different article until it comes back to him. Appellant has not made anything. He has started or helped to make something—a shirt. There is no doubt but that the entire process taken together is manufacturing, but the cutting or designing is only a step in the manufacturing process. Nor can defendant's part in trimming, pressing, and packing the shirts constitute him a manufacturer, for that process appears to be merely incidental to the making of the shirt product. Without the sewing, there would be no finished product, and without it a shirt cannot be manufactured. At best, then, appellant does part of the manufacturing; but there is no exempting provision in the act for part of the manufacturing process, and we will not read such a provision into it, for "all statutory tax-exempting provisions are to be strictly construed": Harrisburg v. Cemetery Assn., 293 Pa. 390, 394.

"It is well settled that where the taxpayer, or his property, is within the general language of the statute imposing the tax, all provisions relied upon to establish an exemption from the tax are to be strictly construed against the claim for exemption": Commonwealth v. McCarthy, 332 Pa. 465, 468. Under this rule, doubts, if any, must be resolved in appellee's favor: Commonwealth v. Lowry-Rodgers Co., supra, p. 366. Giving this rule application to the situation here presented, we conclude that appellant is not exempt.

This case is different from the one we decided before (Commonwealth v. Rosenberg, Common Pleas Court No. 7, September term, 1937, no. 4600, June 20, 1938). There the appellant had control of the workshop where he sent his clothes to be sewed. He had supervision of the shop and the work, and the employes were his. He hired them, dismissed them, and paid them. In short, *he* did all the manufacturing, though part was done in another plant. That is not so here.

The appeal is dismissed.