## Appeal of Land Title Bank & Trust Company

*White & Staples*, for appellant.

*Abraham Wernick*, for City of Philadelphia.

*F. Gilman Spencer*, for Commonwealth.

SLOANE, J., May 19, 1944.—The Land Title Bank & Trust Company appeals from the action of the Board of Revision of Taxes of Philadelphia County in refus-

ing to correct assessments of county personal property tax on certain mortgages. Land Title, as substituted trustee, filed 1942 personal property tax returns with the board, but claimed that these mortgages held by it should not be taxed in its hands. The board thought otherwise and imposed the tax for the full amount of the mortgages: Act of June 17, 1913, P. L. 507, as amended, 72 PS §4821.[1] Land Title appealed from the assessments to the tax board, but the appeal was dismissed. Appeals were taken to Court of Common Pleas No. 2, and to this court, and both appeals were consolidated into this proceeding.

It should be said right off that Land Title agrees that the tax should be paid. The argument is narrow, and runs that Land Title holds these pieces of security as collateral,[2] as pledgee, as custodian, and it must follow that the person subject to the tax and the one who should pay it is the actual owner of the security. Much is made of two cases: City of Philadelphia v. Pennsylvania Company, etc., 98 F.(2d) 539, and Girard Trust Company, Trustee's Appeal, 333 Pa. 129. In the latter case a majority held that the securities were not taxable anyway (the dominion-owner of the securities paid a gross premiums tax as a foreign insurance corporation doing business in Pennsylvania), and giving

---

[1] "All personal property of the classes hereinafter enumerated, owned, held, or possessed . . . by any person, persons . . . or by any . . . bank or corporation whatsoever . . . liable to taxation within this Commonwealth, whether such personal property be owned, held, or possessed . . . in his, her, their, or its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity . . . for the use, benefit, or advantage of any other person . . . company . . . bank, or corporation . . . is hereby made taxable annually, for county purposes . . . at the rate of four mills on each dollar of the value thereof. . . .

"All mortgages; . . ."

[2] See special note in section 1 of A. L. I. Restatement of Security, p. 12.

them to the Girard Trust Company as custodian did not therefore lift nontaxability:

"It cannot be doubted that if the foreign corporation held this property individually in its strong box it could not be subjected to the tax. Instead of using its strong box, owner-appellant has here used the Girard Trust Company as a custodian, retaining and exercising complete dominion and control over the securities and enjoying the full benefits thereof. The placing of securities in the hands of a resident trustee or agent for the purposes here present, does not constitute such a change of ownership as would take away the badge of exemption the property bears in the hands of the owner-appellant" (pp. 140, 141).

In the first case the facts show the Pennsylvania Company to be trustee for bondholders, and in furtherance of that trusteeship it did certain things, including the holding of mortgages as pledgee to secure the bondholders' interests. What the Pennsylvania Company held as trustee for sundry bondholders was not a mortgage of the corporate debtor upon its real estate, but a series of individual bonds and mortgages owned by the corporate debtor. The result is that the Pennsylvania Company was pledgee and not mortgagee of the corporate debtor's securities, with the tax running to the pledgor. The bondholders were the ones who had the corporate debtor's direct obligations.[3]

The point is that we will not take for granted the name adopted by counsel for Land Title. "Courts will not be controlled by the nomenclature the parties apply to their relationship": Kelter, Trustee, v. American Bankers Finance Co., 306 Pa. 483, 492. The name is not incantation, making the formula. Calling itself

---

[3] See excellent discussion of these two cases in Stradley and Krekstein's book on "Corporate Taxation and Procedure in Pennsylvania" (1942), vol. 2, pp. 280, 281, 282.

custodian or pledgee does not make the Land Title such. The facts give the right appellation, and here they are persuasive against Land Title's nonliability or rather nonresponsibility, to be more precise.

The facts come to this: [4] Land Title holds the mortgages of record in its name following orders and decrees of Court of Common Pleas No. 5. It holds these mortgages as substituted trustee and, thinking it unnecessary, we will not go into the preceding circumstances. We will say, and we think it enough for present purposes, that the interests in these mortgages were parceled out in two ways to the various purchasers of those interests. One way was a "participation certificate" certifying to an undivided share or interest to a certain dollar amount in a specific bond and mortgage. It is significant to note that the obligee and mortgagee is a predecessor to Land Title. Mostly participation certificates are involved. The other way was the issue of a series of mortgage bonds of the obligor, the whole issue being secured by a mortgage of the obligor as mortgagor. In brief, the holder as registered owner of the mortgage bond thus had the promise of the obligor to pay a certain amount to the original trustee, "or the registered owner thereof", and the promise together with the other bond-promises was secured by the mortgage to the original trustee, as mortgagee.

The supplemental decree of Court of Common Pleas No. 5 further defines the duties of Land Title, and states that the substituted trustee "shall have the right at any time to take such proceedings with regard to the property constituting the various trusts or resulting or

---

[4] By written stipulation seven of the approximately eighty-five mortgages are submitted as presenting factual situations typical of all the mortgages. As stated in the stipulation: "The parties believe that the extent, if any, of the Land Title's tax liability with respect to all of the mortgages will be governed by the court's determination as to its tax liability, if any, with respect to these seven."

accruing therefrom as they may deem for the best interests of the holders of mortgage participation certificates . . . shall be allowed by way of compensation for their services for the active management of said trusts from the time when respectively they commence actively to manage the same commissions equivalent to seven and one -half percent (7½%) of the gross income received from each trust, which amount shall include any sums payable to agents which a substituted trustee in its discretion might employ".

In accordance with that court's decree, in some cases Land Title collects the interest and turns it over net to the respective owners of the partial interests. In other cases, upon default by the mortgagor or the owners of the real estate secured by the mortgage, Land Title has entered into possession. It then collects the rents, makes repairs, pays taxes—in short, Land Title maintains a direct management over the defaulted properties, and gets paid for it. If necessary, Land Title acts as liquidating trustee—either by selling or foreclosing on a property secured by one of the mortgages.[5] Such duties are positive, affirmative (see comment a, sec. 69, of the A. L. I. Restatement of Trusts), and certainly are the acts and conduct of a trustee under an active trust: See Dalzell's Estate, 96 Pa. Superior Ct. 467. The powers exercised by Land Title are consistent with the decrees entered by Court of Common Pleas No. 5, and inconsistent with appellant's contention that it is a mere custodian or pledgee. Land Title is active under its trust, or, to say the least, Land Title holds the mortgages in some capacity [6] "for the

---

[5] As liquidating trustee it is not in the category of the trustees in Shillington Bank Case, 331 Pa. 540. See amending Act of July 29, 1941, P. L. 552, 555.

[6] In Provident Trust Company of Philadelphia Case, 346 Pa. 37, the words "in any other capacity" were construed to include a guardian who did not have legal title to the property of the beneficiary.

use, benefit, or advantage . . ." of other persons, and thus should pay the tax imposed by the board. See Cumberland County v. Lemoyne Trust Co., 318 Pa. 85.

Argument is made over the meaning of mortgage. But the act says "all mortgages" and in view of that stubbornly precise statutory statement we need not go to nuances and be concerned with whether a mortgage is treated as "the accessory of a debt",[7] or "merely collateral for the payment of some primary obligation, usually a bond".[8]

The tax must be paid by Land Title, but, of course, will be borne ultimately by the participation certificate and bond holders. And we have gone to the single question of determining upon whom the tax should be assessed, so far as immediate payment is concerned. See Girard Trust Company, Trustee's Appeal, supra, p. 134. We decide only the general and primary question. There may be questions of valuation, and instances of exemption such as charities, nonresidents, or corporations already paying an equivalent tax. These can be settled by the parties at roundtable.

## Decree

And now, May 19, 1944, the appeal of Land Title Bank & Trust Company is dismissed.

---

[7] Presbyterian Corporation v. Wallace et al., 3 Rawle 109, 128.

[8] Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483, 489.