## Tax Review Board *v.* C. J. Devine & Co., Appellant.

298

Argued March 25, 1957. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

*James F. McMullan,* with him *Clark, Ladner, Fortenbaugh & Young,* for appellant.

*David Berger,* City Solicitor, with him *Lawrence Prattis,* Assistant City Solicitor, and *Jacob J. Siegal,* Assistant City Solicitor, for appellee.

OPINION BY WOODSIDE, J., July 25, 1957:

The appellant, C. J. Devine & Co., a securities dealer which deals solely in federal, state and municipal securities, seeks a refund of the mercantile license fees and the mercantile taxes which it paid to the City of Philadelphia for the years 1953 and 1954. The refunds were denied by the Revenue Commissioner of Philadelphia, the Tax Review Board of Philadelphia, and the Court of Common Pleas No. 4 of Philadelphia County. The appeal to this Court followed.

The appellant is a non-resident partnership with its principal office and place of business in New York City, and a branch office in Philadelphia. Under the provisions of Section 2 of The Pennsylvania Securities Act of June 24, 1939, P. L. 748, 70 PS §31, et seq. as reenacted and amended, the business of the appellant is such that neither it nor any of its employees are required to be licensed under that act. The evidence indicates that the appellant is the only securities dealer in Philadelphia not subject to regulation by the Pennsylvania Securities Commission. The evidence also shows that the appellant is in competition with registered dealers in Philadelphia who deal in governmental securities as well as the securities which require their registration under The Pennsylvania Securities Act.

The ordinance under which the appellant paid the tax which he seeks to recover is the Philadelphia Mercantile License Tax Ordinance, Code of General Ordinances, Chapter 19-1000, which imposes a tax and fee on certain businesses and professions including all "financial businesses". Appellant is a financial business within the meaning of the ordinance.

The ordinance was passed under the Sterling Act of August 5, 1932, P.L. 45, 53 PS §4613 which provides inter alia that the city "council shall not have authority to levy, assess and collect, . . . any tax on a privilege,

transaction, subject or occupation or on personal property which is now or may hereafter become subject to a State tax or license fee." A "license fee" within the meaning of this statute must be equated to the probable cost of regulation and supervision of the licensees' activities and not merely a nominal charge imposed by the sovereign for the privilege of doing certain acts. *National Biscuit Co. v. Philadelphia,* 374 Pa. 604, 98 A. 2d 182 (1953); *Philadelphia Coca-Cola Bottling Co. v. Philadelphia,* 382 Pa. 299, 115 A. 2d 207 (1955).

Dealers in securities who are required to register and pay a license fee to the state under The Pennsylvania Securities Act of 1939, supra, pay a true license fee within the meaning of the Sterling Act of 1932, supra, and are, therefore, not taxable by the City of Philadelphia. *National Biscuit Co. v. Philadelphia,* supra.

Appellant contends that the Mercantile License Tax Ordinance creates an unconstitutional classification, since dealers in private securities cannot be taxed thereunder by reason of their payment of a license fee to the Commonwealth, while those dealing solely in governmental securities, who do not pay a license fee to the Commonwealth, are taxed by the ordinance. We think that there is no merit to this contention.

Of course all taxes must be uniform upon the same class of subjects. Article IX, Section 1, of the Constitution of Pennsylvania, so far as it is pertinent, requires that "All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; . . ."

A construction of a taxing statute which violates this provision of the Pennsylvania Constitution also violates the Fourteenth Amendment of the Federal Constitution which provides that no state shall ". . . deprive any person of . . . property, without due process

of law; nor deny to any person within its jurisdiction the equal protection of the laws." *Commonwealth v. Repplier Coal Company,* 348 Pa. 372, 35 A. 2d 319 (1944).

The ordinance in question places a tax upon all financial businesses, and makes no distinction between various types of dealers in securities. It taxes uniformly every financial business over which it has the power to tax under the Sterling Act. The City of Philadelphia has done everything within its power to achieve a uniformity of tax treatment. However, we cannot confine our consideration to the ordinance, but must look beyond it to the relevant legislation in order to determine whether the classification is permissible under the constitution.

The legislature can determine the class of subjects upon which it desires to impose a tax, as long as the classification is reasonable and not arbitrary. *Kittanning Coal Company v. Commonwealth,* 79 Pa. 100, 104, 105 (1875) ; *Commonwealth v. McCarthy,* 332 Pa. 465, 468, 469, 3 A. 2d 267 (1938).

In the Sterling Act the legislature classified privileges, transactions, subjects, occupation and personal property into two classes,—those upon which a state tax or license fee is imposed, and those upon which no state tax or license fee is imposed. It provided that the former class could not be taxed by the City of Philadelphia, and that the latter class could be taxed by the city.

This is a reasonable classification. *National Biscuit Co. v. Philadelphia,* supra, 374 Pa. 604, 98 A. 2d 182 (1953). It is constitutional to exempt from a city tax one who pays a state license fee even though he does not pay a state tax. *Pittsburgh Milk Co. v. Pittsburgh,* 360 Pa. 360, 62 A. 2d 49 (1948).

But one is not exempted from a city license or tax if the only state license paid by the party claiming the exemption is in the nature of a registration fee, and not a true license fee. *National Biscuit Company* case, supra.

The appellant admits that where a question of reasonableness of classification is involved a court should entertain every presumption in favor of its validity. It also admits that mere competition alone between taxpayers does not negate the right of the legislature to classify and tax differently. *Commonwealth v. Lukens,* 312 Pa. 220, 226, 167 A. 167 (1933).

It does contend that inasmuch as the dealers in private securities, who must pay a license fee to the state, also deal in governmental securities, and thus "sell the same objects to the same customers under the same competitive conditions," the constitution requires the appellant and the other dealers to be placed in the same class for tax purposes.

The point is that dealers in securities are classified as to whether they pay a state license fee or tax, or whether they do not. The reason they pay a state license or tax is not the important issue. The question is, do they? If they do, they are not to be taxed again by the city; if they do not, they may be taxed by the city.

The purpose of this limitation upon the power of the city to impose taxes is to prevent duplication of taxation. This tends to equalize the overall burden of taxation. It is true that under some conditions the taxpayer may carry a heavier tax burden if he is required to pay a state license fee or tax and is thereby exempt from a city tax, while under other conditions the taxpayer may carry a heavier tax burden if he does not pay a state license fee or tax and thereupon becomes subject to a city tax. But taxation is not a matter of exact

science, and perfect uniformity and absolute equality are not required. *Allentown School District Mercantile Tax Case,* 370 Pa. 161, 170, 87 A. 2d 480 (1952), *Commonwealth v. McCarthy,* supra, 332 Pa. 465, 469, 3 A. 2d 267 (1938). It is interesting to note, although not decisive, that the license fees and the taxes paid by the appellant *to the city* amounted to $361.77 in 1953, and $541.34 in 1954, and that the license fees paid *to the Commonwealth* by the securities dealer whose case was before the Supreme Court in the *National Biscuit Company* case were $660.

It is not necessary to review all the cases cited by the appellant. *Commonwealth v. Alden Coal Company,* 251 Pa. 134, 96 A. 246 (1915), quoted at considerable length by appellant, was greatly modified (although not expressly overruled) by *Heisler v. Thomas Colliery,* 274 Pa. 448, 118 A. 394, affirmed in 260 U.S. 245 (1922).

The other decisions cited by appellant are not applicable to this case. *Commonwealth v. Mellon National Bank & Trust Company,* 374 Pa. 519, 98 A. 2d 168 (1953), and *Schuylkill Trust Company v. Pennsylvania,* 296 U.S. 113 (1935), both dealt with discrimination against federal securities in such a manner that state or private securities held by a taxpayer received favored tax treatment. This was also the situation in *Commonwealth v. Curtis Publishing Company,* 363 Pa. 299, 69 A. 2d 410 (1949), when the federal formula for computing corporate net income tax was changed to include federal securities, and the Pennsylvania Corporate Net Income Tax was being determined by use of the federal formula.

In the present case we have no tax upon federal or any other governmental securities. The tax falls upon the gross receipts of the business, and is not a property tax upon the securities or the income therefrom, but an

excise tax upon the privilege of transacting business. *National Biscuit Company v. Philadelphia,* supra.

The appellant argues that, although it is not required to pay a state license fee or tax because expressly exempt by The Pennsylvania Securities Act, supra, nevertheless, it is "subject to a state tax or license fee" because it belongs to the same class (although exempt) which is subject to such tax or license fee. We have followed that argument around and around. It leads us nowhere. It is without merit.

The appellant contends that the Tax Review Board erred in refusing to pass upon the constitutional question involved in this case. It is not important. The court below dealt with it. So have we.

The order of the court below dismissing the appeal is affirmed.