## Continental Bank and Trust Co. v. Board of Assessment Appeals

*Lawrence A. Ruth,* for plaintiff.

*Albert Foster,* assistant county solicitor, for the Board of Assessment Appeals.

LOWE, *P.J.,* March 22, 1984—This is an appeal from a decision of the Montgomery County Board of Assessment Appeals (board) upholding a personal property tax assessment. The facts are not in dispute.

On October 26, 1971, petitioner's decedent, Henry A. Schell, Jr. (Schell) entered into a written agreement in which he extended to three individuals (buyers) an option to acquire approximately 130 acres of real estate owned by Schell in Upper Providence Township, Montgomery County. The contract provided that the price per acre would be either $2000 or $3000 depending upon the parcel involved, and that each parcel was to be not less than five acres in size. The parties further agreed that the option period would commence March 7, 1973 and terminate March 7, 1983. Buyers obligated themselves to remit $8000 per year to Schell so long as any option to acquire land remained unexercised. Upon the exercise of any option, 25 percent of the purchase price was to be paid in cash

at settlement and the balance taken back by Schell as a 15 year purchase money mortgage. The agreement specified that the interest rate on those mortgages would be five percent for the first five years and six percent for the remaining ten years.

Petitioner is executor of the Estate of Henry A. Schell, Jr. On February 28, 1977, the board issued a corrected bill assessing a personal property tax on the option agreement in the amount of $27,216.81. As the basis for its calculation, the board utilized the total value of the real estate as fixed by the agreement. An appeal was timely submitted to this court to resolve the following question of law: Is an option to purchase real property taxable as an "article of agreement and account bearing interest" under 72 P.S. §4821? For the reasons advanced hereinafter, this court holds that it is not.

The precise framing of the issue in this case is a point of contention between the parties. It is, therefore, necessary to address several preliminary matters raised by the board.

Title 72 P.S. §4821 authorizes counties to impose a four mill tax on certain specified classes of personal property. In pertinent part that provision reads as follows:

"All personal property of the classes hereinafter enumerated, owned, held or possessed by any resident . . . is hereby made taxable annually for county purposes . . . at the rate of four mills of each dollar of the value thereof . . . that is to say —

"All mortgages; all moneys owing by solvent debtors, whether by promissory note, or penal or single bill, bond, or judgment; all articles of agreement and accounts bearing interest; . . . ."

The board contends that an option to purchase real property is not one of the exemptions set forth in the statute, and that because exemption provi-

sions in tax statutes must be strictly construed against the claim for exemption, petitioner's appeal should be rejected. Shillington Bank Case, 331 Pa. 540 (1938) is cited in support of that position. The board is correct in its interpretation of the law; it is in error with respect to the law's application to this case. Petitioner does not claim that an exemption provision applies to option agreements, but rather that 72 P.S. §4821 simply imposes no tax on such agreements.

Both parties concede that the only provision under which an option to purchase real property could be taxable under §4821 is that which imposes a tax on "all articles of agreement and accounts bearing interest." The board's position is that the term "all articles of agreement" is broad enough to include options to purchase real property because, in essence, an option is nothing more than a specialized agreement. However, the board's reasoning would require the court to read the phrase "all articles of agreement and accounts bearing interest" in the disjunctive. In other words, the board asserts that "all articles of agreement" is severable from the phrase "accounts bearing interest". In support of that argument the board relies exclusively on Dunbar Appeal, 446 Pa. 184, 285 A.2d 853 (1971). In footnote three of that decision, the Supreme Court of Pennsylvania quoted a portion of §4821 and italicized the phrase "all articles of agreement" while leaving "and accounts bearing interest" in regular type. The board maintains that by emphasizing "all articles of agreement", the court evidenced an intent to construe "articles of agreement" and "accounts bearing interest" as separate categories of taxable property. However, a closer reading of Dunbar Appeal, supra, reveals the fallacy of the board's argument. "Articles of agreement" was italicized to

highlight the court's point that §4821 is a general rather than a specific revenue statute. Consequently, the holding in that case can in no way be interpreted to imply that "articles of agreement" is to be read separately from "accounts bearing interest". That analysis is further enhanced by the fact that in drafting §4821 the general assembly inserted semi-colons between each class of taxable property enumerated. The phrase "all articles of agreement and accounts bearing interest" is both preceded and followed by a semi-colon. Moreover, the Statutory Construction Act of 1972, 1 Pa. C.S. §1501 et seq., authorizes the courts of this Commonwealth to utilize punctuation in aid of construction with respect to statutes finally enacted after December 31, 1964. 1 Pa. C.S. §1923(b). Admittedly, 72 P.S. §4821 was enacted on June 17, 1913. Nevertheless, this court finds the placement of semi-colons in §4821 significant in discerning legislative intent. Therefore, if the instant option agreement is taxable, it must be as an "article of agreement and account bearing interest". Accordingly, the question now becomes whether the interpretation of that phrase includes an option to purchase real property. No reported decisions address that precise issue. A review of cases construing the phrase is instructive.

In Voegthy v. The School Directors of the Third Ward in the City of Allegheny, 1 Pa. 330 (1845), the Supreme Court of Pennsylvania, interpreting an 1831 version of §4821, upheld a tax assessment on a deed which contained a covenant to convey real property for the sum of $100,000 payable over twenty years. The deed specified that interest on the balance would accrue at the rate of five percent for the first ten years and six percent for the final ten years. The court construed the deed as an article of agreement and "money at interest" and found the vendor

liable for the tax. A like result was reached in Commonwealth v. Penn Tanning Co., 2 Dauph. 55 (1899), on similar facts.

A coal lease was held taxable as an article of agreement and account bearing interest in Hull v. County of Luzerne, 93 Pa. 502 (1880). That agreement required the lessees to extract a fixed amount of coal per year at a specified royalty. The lease further provided that if the lessees failed to mine the agreed upon quantity of coal, which is what occurred, interest would be payable on the difference between the royalty paid and the amount due.

In Arbuckle's Estate, 324 Pa. 501, 188 Atl. 758 (1936), a partnership agreement was found taxable as an article of agreement and account bearing interest. That agreement provided that upon the death of any partner, his share of the partnership's assets would be retained by the remaining partners as a deposit drawing a designated rate of interest for a period of years and that the principal would be paid in installments to the deceased partner's survivors. Significantly, the court noted that the agreement was only taxable for the years in which interest on the deposit was actually credited.

The reasoning in Arbuckle's Estate, supra, was followed in Commonwealth v. Beisel, 338 Pa. 519 (1940), in which the Supreme Court of Pennsylvania held that two insurance policies payable to a beneficiary in monthly installments representing a return of principal plus interest were taxable under the act. See also Campbell's Appeal, 91 P.L.J. 209 (1943).

In May Tax Assessment Appeal, 60 Lanc. Rev. 73, 39 D.&C.2d (1965), a parcel of real property was purchased under the terms of an installment purchase agreement. The contract provided that part of the $8000 purchase price was to be paid over 36

months at $65 per month without interest. At the end of that period, the buyers were obligated to pay the balance of $5660 at which time title to the premises was to pass to them. The court held that in the absence of any evidence that the vendors deliberately increased the purchase price to include interest, the agreement could not be taxed under §4821 because without an interest component, the contract could not be an article of agreement and account bearing interest.

The most recent decision by the Supreme Court of Pennsylvania involving the phrase "all articles of agreement and accounts bearing interest" is Dunbar Appeal, supra. In that case a tax was assessed pursuant to §4821 against Mr. Dunbar who was in the business of selling low cost housing to low income individuals. Financing terms were incorporated into the agreements of sale. Utilizing his own credit, Dunbar mortgaged each of the properties. An individual wishing to purchase a home would execute a contract by which he agreed to pay Dunbar a monthly amount representing a payment on the principal plus interest. Title to the property passed to the purchaser at the end of such payments. Dunbar claimed that he was exempt from §4821 taxation by virtue of 72 P.S. §4731, which excluded mortgages from local taxation. The Supreme Court of Pennsylvania rejected that contention holding that §4731 was impliedly repealed by §4821. The court also observed:

"The Personal Property Tax Act imposes a tax of 'four mills of each dollar of the value thereof . . .' *on* '*[a]ll mortgages; all moneys owing by solvent debtors,* whether by promisory note, or penal or single bill, bond, or judgment; *all articles of agreement* and accounts bearing interest . . .' The express statutory language [imposing a tax on 'all moneys

owing by solvent debtors'] indicates a clear legislative plan to tax the *amount of debt* evidenced by an agreement or instrument. See Crawford's Appeal, 19 Pa. D.&C. 147, 149 (C.P. Venango County). It is that value of the debt — the face amount of the agreement or instrument less principal paid — which is made the basis for the imposition of the applicable tax rate." Dunbar Appeal, supra, 193 [Emphasis in original; footnote omitted].

It is immediately apparent that the common denominator running through each of the cases above identified is that the tax assessments were upheld only when the agreement incorporated a debt upon which interest was payable. That is unquestionably the holding in Dunbar Appeal, supra. Accordingly, this court holds that an option agreement to purchase real property which evidences no debt upon which interest is payable is not taxable under 72 P.S. §4821.

Turning to the instant agreement, the court finds that it neither creates a debt nor obligates the buyers to pay interest. The buyers are not required to purchase anything. The only duty the contract generates is that which was imposed upon Schell who, in exchange for an annual $8000 payment, agreed to make his offer to sell irrevocable. The board, however, argues that those annual payments are "comparable to the income denominated interest in a mortgage transaction." This court fails to see how such an analogy is possible. Interest is "the compensation allowed by law or fixed by the parties for the use or forbearance or detention of money." Black's Law Dictionary 729 (rev. 5th ed. 1979). The payments referred to above in no way fit within the parameters of that definition. The only mention of interest in the agreement is in paragraph three, which sets forth various interest rates applicable

to the purchase money mortgages Schell agreed to take back in the event an option to purchase was exercised. However, that section merely recites the procedure by which the mortgages are to be created. Its inclusion within the contract does not convert the entire agreement into an "article of agreement and account bearing interest". Those mortgages arise separately and are independent transactions. Individually, they are taxable under §4821 but only based upon "the face amount of the [mortgage] . . . less principal paid." The board, therefore, was in error in assessing petitioner on the basis of the total value of the real estate as fixed by the parties to the agreement.

A final observation is appropriate. It is firmly established that "[n]o tax can be collected in the absence of a provision clearly imposing it upon the class to which the taxpayer or his property belongs." Kritz Estate, 5 D.&C.2d 586, 596 (1956), quoting Callery's Appeal, 272 Pa. 255, 272, 116 Atl. 222 (1922) (Simpson, J., concurring). That principal is codified in the Statutory Construction Act of 1972, supra, which obligates the courts of this Commonwealth to construe strictly all provisions imposing taxes. 1 Pa. C.S. §1928(b)(3). See also Wilkes-Barre Council of Newspaper Unions, Inc. v. Commonwealth of Pennsylvania, Office of Employment Security, 58 Pa. Commw. 1, 426 A.2d 1294 (1981). Finally, "[a] taxing statute must not only be strictly construed, but all reasonable doubt must be resolved in favor of the taxpayer." Estate of Carlson, 479 Pa. 421, 424, 388 A.2d 726 (1978). See also Estate of Rose, 465 Pa. 53, 348 A.2d 113 (1975).

Viewed under the standards outlined above and in light of the foregoing discussion the court enters the following

## ORDER

And now, March 22, 1984, after consideration of the briefs of counsel, petitioner's appeal is sustained and the assessment of the Montgomery County Board of Assessment Appeals is hereby declared null and void.